### E. M. APPERSON ET AL. v. C. C. WILBOURN ET AL.

1. ESTATE OF DECEDENT. *Suretyship. Liability to creditor. Right against co-surety.*
 There were two sureties on a bond, both of whom died. The estate of one was solvent; that of the other was insolvent. The creditor proved against the

insolvent estate the full amount of his claim on the bond, but received on it less than one-half thereof. The balance of the claim, which was more than half, was paid by the estate of the solvent surety. The other creditors of the insolvent estate, with the administrator, filed a bill in chancery against the solvent estate to compel it to pay back one-half of the sum paid by the insolvent estate on the claim under the bond. The bill was dismissed on demurrer. *Held*, that the action of the Chancery Court in dismissing the bill was correct.

2. SAME. *Being insolvent. Joint liability. Contribution from co-surety.*

If, in the case above stated, the solvent estate had first paid the whole of the joint debt, it would have been entitled to prove only half of the same against the insolvent estate; but after the creditor has proven the whole unpaid claim against the insolvent estate, as he had the right to do, the insolvent estate, having paid less than half of the demand, cannot recover from the solvent estate the excess of the payment made by the former over what it would have been compelled to pay if the latter had first paid the whole of the joint debt and then probated its claim against the former. As between the sureties, the estate of the insolvent has not paid more, but less, than he impliedly contracted to pay; and therefore it has no claim against the estate of the solvent surety, which has paid more than he contracted to pay.

APPEAL from the Chancery Court of Panola County.

Hon. J. B. MORGAN, Chancellor.

The opinion of the court contains a statement of the case sufficiently full to show the attitude of the question of law presented, in relation to the record.

*T. W. White*, for the appellants.

The question presented in this case will turn upon what is the contract implied by law which joint sureties undertake, the one to the other. This is answered by all the text-writers to be, that each binds himself to the other that whichever pays the debt shall have contribution from the other to half the amount paid by reason of such suretyship, and consequently the contribution shall come out of the estate of the other surety, if dead ; and if both the sureties die, and the estate of one of them is compelled to pay the debt, the other estate shall be liable to pay half the amount paid by the first named ; and should the last-mentioned estate be insolvent, then the other estate could only prove one-half of the debt against the insolvent estate, and claim and receive a *pro rata* thereon. This is held in the case of *Maxwell* v. *Heron*, 3 Ross' Ld. Cas.

93, and is founded on the contract implied between two joint-sureties, because the contract between them cannot be changed by the fact of insolvency. For when a man dies, leaving an insolvent estate, some of the debts being his own liabilities and some liabilities to joint sureties on bonds, one liability stands on no higher ground than the other: the one is a liability to refund to his co-surety half of any amount paid by him; the other is to his own creditor to pay the whole debt. When a man dies, his property belongs to his creditors under the law, to be divided equally between all creditors having no liens. His estate is liable to refund to a co-surety half of the money paid by him, and to pay his own ordinary creditor his whole debt.

But it is claimed that a surety who pays a debt has a right to be substituted to all the rights and powers of the creditor, and that, as the creditor has the right to prove the whole of his debt against the estate of either surety, and have a *pro rata* out of it, if insolvent, for the whole debt, the solvent debtor who pays shall have the same right. This proposition is not borne out by the authorities. The right of subrogation exists, but only to this extent: if the debt paid had any priority, then the paying debtor shall have the same priority, and it will not be affected by the payment of the debt. In the case of *Lidderdale* v. *Robinson*, 2 Brocken. 159 (decided on appeal in 12 Wheat. 382), Chief Justice Marshall said, in effect, that the right of payment and priorities held by the creditor was retained by the paying surety, but the amount was to be settled by the rules of equity governing the relation of co-sureties to each other. "A co-surety who pays a debt shall recover according to the *right* of the holder as to *rank* and validity. But equity will restrain him from obtaining more than the just proportion of any individual." See also *Agnew* v. *Bell*, 4 Watts, 32; *Croft* v. *Moore*, 9 Watts, 451; *Miller's Appeal*, 11 Casey, 481; Brandt on Surety., sect. 269.

It was the duty, in this case, of the solvent estate to pay half the debt, leaving the insolvent estate to pay its half, if

the estate was sufficient to pay it. The creditors of the insolvent estate were bound to share its assets equally with this liability, to half the amount of the bond, but not for the whole amount.

*Hall & Booth*, for the appellees.

The contract implied by law between the sureties on the bond was that they would bear equally the loss, if any should result from their suretyship. The death of one or both of the sureties cannot affect this implied contract in the remotest degree. The measure of obligation which falls upon the estate of the deceased surety, and the rights of such estate as against a co-surety, are neither greater nor less than if death had not intervened.

We lay this down as an incontrovertible proposition : that no surety, nor the estate of any deceased surety, is entitled to demand contribution from a co-surety without *first actually paying more than the proportional part* of the whole debt which each surety ought, under their implied contract to each other, to pay. *Davies* v. *Humphreys*, 6 Mee. & W. 167 ; Burge on Surety., 386 ; Brandt on Surety., sect. 251 ; De Colyar on Guar. & Prin. & Surety, 341 ; 46 Md. 617 ; 11 B. Mon. 307 ; *Fletcher* v. *Grover*, 11 N. H. 371. We call the attention of the court especially to the case last cited, as identical in principle and strictly analogous to the case at bar.

It is, however, said by counsel for appellants that if the estate of the solvent surety had paid the judgment in full, contribution and a *pro rata* could only have been had upon one-half of the whole judgment, instead of the full amount. The only case cited to sustain this proposition is *Maxwell* v. *Heron*, 3 Ross' Ld. Cas. 93, which seems to stand alone in deciding the point that way. The contrary doctrine has often been held. See *Hess' Estate*, 69 Pa. St. 272 ; *Lidderdale* v. *Robinson*, 2 Brocken. 160 ; *s. c.* 12 Wheat. 594 ; 3 Md. Ch. 335. Whether the doctrine of the English case be true or false, however, cannot, we submit, make the slightest difference in this case. Here the solvent surety is not seeking

to probate the whole debt against the estate of his insolvent co-surety, nor making any demand whatever. He has responded to the demand of their creditor by paying more than half of the entire debt. He now simply says to his co-surety (or his creditors): "As between the sureties and the creditor to whom we gave our bond, we each bound ourselves to pay the *whole* debt; but the contract between *us* was that each would pay *one-half*. So far as you (my co-surety) are concerned, I was never at any time bound to pay the *whole* debt, but only half. Our creditor had the unquestioned right to demand the whole debt from either of us. He demanded it of you, and you paid less than half of it. I have paid the balance, amounting to more than half. I have thus fulfilled to the letter the contract between us as co-sureties."

CAMPBELL, J., delivered the opinion of the court.

Both sureties on a bond died. The estate of one was solvent, that of the other insolvent. The creditor proved the full amount of the liability under the bond as a claim against the insolvent estate, and received on it an amount less than one-half of the claim, and the remainder of it, being more than half, was paid by the estate of the solvent surety. The other creditors of the insolvent estate, uniting with its administrator, exhibited this bill against the solvent estate, to compel it to pay back one-half of the sum paid by the insolvent estate on the claim under the bond. The bill was dismissed on demurrer, and the question is, whether the administrator of the insolvent estate can, for the benefit of its creditors, recover of the solvent estate the excess over what would have been the sum paid by the insolvent estate if the claim by virtue of the bond had been proved for half of its amount instead of the whole of it?

Whether a surety who has paid the whole debt is entitled to a dividend for the whole against the estate of an insolvent co-surety, or only for so much as exceeds his just

proportion, has been a disputed question, and has been answered differently.

In *Hess' Estate*, 69 Pa. St. 272, it was held that such surety might prove for the whole, because the creditor could, and he was substituted to his rights.

In *Maxwell's Creditors* v. *Heron's Trustees*, 3 Ross' Ld. Cas. 92, it was held by the House of Lords that he was entitled to "rank" for only half.

In this case the solvent surety did not pay, but the creditor, in the exercise of his undoubted right, proved his whole claim against the insolvent estate, and realized from it less than one-half of it; and the precise question is, whether the insolvent estate is entitled, as against the estate of the co-surety, to be relieved from the burden of the one-half of the liability? Equality of burden was the obligation as between the two sureties. One who paid less than the half, which his relation to his co-surety made it his duty to pay, would not have a right to call on his co-surety for contribution. If the surety whose estate is insolvent, and in behalf of the creditors of which this suit is brought, had lived, and paid less than his half of the debt, he would not have had a right of action against the other surety. Certainly his administrator cannot have any greater claim than the intestate would have had, and we approve the view expressed by the Supreme Court of New Hampshire in the case of *Fletcher* v. *Grover*, 11 N. H. 368, as follows: " We, however, are not aware of any principle upon which it can reasonably be held that the administrators of deceased persons, or their creditors, can derive greater or other benefits from their contracts with, or the equitable relations in which they may have stood while living, to other persons, than the deceased would be entitled to if still living."

We are quite sure that if the solvent estate had paid the debt it would have been entitled to prove only half of it against the other, and to receive a dividend on the half; but as the creditor got less than half of the claim from the insolvent estate, no right exists in it to visit on the estate of the other

surety the loss it would have had to bear if the creditor had resorted to it in the first instance for the whole demand. It is fortunate that, through the action of the creditor, justice was effected as far as possible by obtaining from the insolvent estate a dividend on the whole demand. The creditors of the insolvent estate have no just cause of complaint because of this. Their debtor, at the time of his death, owed the whole debt as to the creditor, and the half of it as to his co-surety. Had he lived, so much of his estate as was necessary to pay half of the debt would have been required for it. That would have subtracted from his ability to meet their demands against him. They have not been injured by the dividend, on the whole. The other surety's estate has borne its full share of the joint burden, and more. The insolvent estate has not met its full responsibility, but because of the requirement of a *pro rata* distribution of assets among creditors it is relieved from paying more. To allow the recovery sought by this suit would be to impose on the solvent surety more than his just proportion of the common obligation, for the benefit of creditors of the insolvent surety, who, because of insufficiency of estate, was not able to meet its just proportion of the debt. The misfortunes of the creditors of the insolvent must be borne by themselves, and not visited on the solvent surety, whose estate has contributed more than, as between the two sureties, it was under obligation to pay.

Decree affirmed.

CHALMERS, C. J., took no part in this decision.